## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

DALLAS C. ORNDORFF,

     Defendant.

Case No. 18-20082-JAR-1

## MEMORANDUM AND ORDER

Before the Court is a handwritten letter sent to the Court by Defendant Dallas C. Orndorff, seeking an "update" to his sentence to reflect time served in federal custody (Doc. 206). The Government has responded, and the Court is prepared to rule. For the reasons explained below, the Court dismisses Defendant's request for credit without prejudice for lack of jurisdiction.

## I.    Background

Defendant Dallas C. Orndorff pleaded guilty to two counts of the Superseding Indictment—Count 1 for conspiracy to distribute and possess with intent to distribute heroin, fentanyl, and methamphetamine, and to maintain a drug-involved premises; and Count 3 for possession of a firearm in furtherance of a drug felony. He was sentenced by the undersigned on June 7, 2021, to a controlling term of 205 months' imprisonment. Specifically, the Court sentenced Defendant to 85 months on Count 1 and 120 months on Count 3, to run consecutive to one another and to any remaining term of imprisonment in Platte County Circuit Court Case 12AE-CR00114-01.[1]

---

[1] Doc. 168.

Defendant is currently incarcerated at FCI Oxford, which is located in Oxford, Wisconsin. He is set to be released on February 8, 2035.[2] Defendant argues in his motion that he was in federal custody for three years before his sentencing, but that the BOP did not credit that time in applying his sentence and has not helped him with this matter. He asks the Court to "update" his sentence to reflect this time served in federal custody before he was sentenced.

## II.    Discussion

"After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons ("BOP")], has the responsibility for administering the sentence."[3] Thus, the BOP determines the amount of credit that is due against a federal sentence "as an administrative matter when imprisoning the defendant."[4] A defendant may raise a claim for crediting certain time served through the BOP's Administrative Remedy Program.[5] This program "start[s] with an informal review and then escalat[es] to the Central Office of the BOP."[6] After exhausting these administrative remedies, a defendant then may seek a writ of habeas corpus under 28 U.S.C. § 2241.[7] An application for a writ of habeas corpus "may be filed in the district court for the district wherein such person is in custody."[8]

Here, the Court lacks jurisdiction to consider Defendant's request to update his sentence to reflect time he served in federal custody before sentencing. This is a matter that must be decided in the first instance by the Attorney General, through the BOP. Although Defendant

---

[2] *See* Find an Inmate, Fed. Bureau of Prisons (last visited May  27, 2026), https://www.bop.gov/inmateloc/.

[3] *United States v. Wilson*, 503 U.S. 329, 335 (1992).

[4] *Id.*

[5] *Setser v. United States*, 566 U.S. 231, 244 (2012); *see* 28 C.F.R. §§ 542.10–542.19.

[6] *United States v. Thatcher*, No. 2:23-CR-0097-CW, 2026 WL 1278296, at *3 (D. Utah May 8, 2026).

[7] *Setser*, 566 U.S. at 244.

[8] 28 U.S.C. § 2241(d).

indicates that he has not received help from his facility, there is no evidence that he has complied with the BOP regulations for exhausting his claim through its Administrative Remedy Program. Because Defendant must first exhaust his administrative remedies before seeking judicial review under § 2241, the Court must dismiss his request for relief without prejudice for lack of jurisdiction.[9]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Dallas C. Orndorff's pro se motion seeking an "update" to his sentence to reflect time served in federal custody (Doc. 206) is **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: June 1, 2026

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[9] *See Reed v. United States*, 262 F. App'x 114, 116 (10th Cir. 2008).